UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADAM DANIEL COHEN,

                          Plaintiff,

           -against-

CAROLE KREISBERG, OFFICER CALAMIA, # 8902;
OFFICER MAIORANO, # 8903; SGT. DISCALA, # 8367;
STEVEN BOROFSKY, ESQ., UNIDENTIFIED OFFICER,

                     Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
16-CV-4405 (JMA)(AKT)

FILED
CLERK
02/06/2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      On August 1, 2016, pro se plaintiff Adam Daniel Cohen filed an in forma pauperis complaint in this Court against his estranged wife, Carole Kreisberg, Officer Calamia, # 8902, Officer Maiorano, # 8903, Sgt. Discala, # 8367, Steven Borofsky, Esq, and an unidentified officer (collectively, "defendants") purporting to allege a deprivation of his civil rights pursuant to 28 U.S.C. § 1983. However, at the time the complaint was filed, plaintiff did not remit the filing fee nor did he submit an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated August 1, 2016, plaintiff was instructed to either remit the filing fee or complete and return the enclosed application to proceed in forma pauperis in order to proceed with his claims. (See Docket Entry No. 2.) On August 15, 2016, plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (See DE No. 5.) Annexed thereto was a request to proceed in forma pauperis. (See id.)

      Upon review of the plaintiff's application to proceed in forma pauperis, the Court finds that plaintiff is qualified by his financial status to file the complaint without prepayment of the filing fee. Accordingly, plaintiff's request to proceed in forma pauperis is granted. However, for the reasons that follow, the complaint is sua sponte dismissed, in part, pursuant to 28 U.S.C. §

1

1915(e)(2)(B). The application for the appointment of pro bono counsel is denied without prejudice and with leave to renew when this case is trial ready, if so warranted at that time.

## I. BACKGROUND[1]

Plaintiffs sparse complaint is submitted on the Court's § 1983 complaint form. In its entirety, plaintiff alleges that:

> On June 18 2014 I was served with an order of protection from my estranged wife Carole Kreisberg. Two P.O from Nassau 3rd Pct arrested me for the violation under Aggrevated harassment under no time did I violate the order but was arrested anyway. I would like to see civil rights charges against Ms. Carole Kreisberg; Mr. Steven Borofsky Esq., P.O. Calamia, P.O. Maiorano, Sgt. Discala, Patrol Supervisor Nassau Ct 3rd Pct  Two officers from 3rd Pct who transported me to the hospital w/ complications from diabetes.

(Compl. ¶ IV.) In the space on the form complaint that calls for a description of any injuries suffered, plaintiff alleges:

> I was denied my insulin and during my incarceration my glucose and blood pressure was 5650 220/170. I was on the verge of a stroke or diabetic coma. Twice I was taken to Nassau Medical Center but was denied medical attention.

(Id. ¶ IV.A.) For relief, plaintiff "would like to be awarded compensation for the expenses it took to prove my innocents. I would also like to bring a civil rights suit against the officers and Ms. Kreisberg and her attorney for the months of prosecuting me for a frivilious charge." (Id. ¶ V.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

**B.      Standard for Dismissal**

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pro se submissions are afforded wide latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). A court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual

allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.      Standard for § 1983 Claims**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "To avoid sua sponte dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation marks omitted); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In order to state a § 1983 claim, a plaintiff must allege that the conduct challenged was "committed by a person acting under color of state law . . . ." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1997)). Private actors may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state

actor to violate a plaintiff's constitutional rights. Id. at 323–24.

In addition, "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." Patterson v. Cty. of Oneida, 375 F.3d 206, 229 (2d Cir. 2004); see also Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983."). A complaint based upon a violation under § 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

**D.     Application to Plaintiff's Complaint**

**1.     Claims Against Kreisberg and Borofsky**

Here, insofar as plaintiff seeks to sue Kreisberg and Borofsky pursuant to § 1983, such claims are implausible because both of these defendants are private parties who did not act under color of state law. As noted above, in order to state a Section 1983 claim, a plaintiff must allege, among other things, that the conduct challenged was "committed by a person acting under color of state law . . . ." Cornejo, 592 F.3d at 127. Here, Kreisberg is alleged to be plaintiff's estranged wife, a private actor, and Borofsky is alleged to be Kreisberg's attorney, also a private actor.

However, private actors, such as Kreisberg and Borofsky, may still be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello, 292 F.3d at 324. Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323–24. To state a plausible § 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in

5

concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324–25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)). Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could construe (1) joint action by Kreisberg or Borofsky with a state actor or (2) an agreement between either Kreisberg or Borofsky and a state actor to deprive plaintiff of some constitutional right.

Kreisberg and Borofsky are not state actors, and plaintiff has not alleged plausible joint activity or conspiracy claims against them. Accordingly, plaintiff's § 1983 claims against Kreisberg and Borofsky fail as a matter of law, and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

**2.  Claims Against the Remaining Defendants**

Though thin, the Court declines to dismiss plaintiff's claims against Calamia, Maiorano, and Discala at this early stage in the proceeding.[3] Accordingly, the Court directs the Clerk of Court to issue summonses to Calamia, Maiorano, and Discala and orders service of the summonses and complaint upon these defendants by the United States Marshal Service ("USMS").

**E.  Appointment of Pro Bono Counsel**

Section 1915(e)(1) of title 28 of the United States Code provides that a "court may request an attorney to represent any person unable to afford counsel." Courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate, Ferrelli v.

---

[2] The Court notes that insofar as plaintiff seeks to have criminal charges brought against Kreisberg and Borofsky, such claims fail because the decision to bring criminal charges against an individual lies solely within the discretion of the district attorney.

[3] Although plaintiff also names a "John Doe" officer in the caption of his complaint, there are no allegations of conduct or inaction attributable to him, nor are there any factual allegations against him such that his identity could readily be ascertained by the Nassau County Attorney. However, plaintiff may seek to amend his complaint to add the individual now identified as a "John Doe" if his identity is revealed during the course of discovery.

River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that [they] be 'guided by sound legal principle,'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171–72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to appoint counsel to an indigent civil litigant under §1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010) (quoting Cooper, 877 F.2d at 174); see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) ("[T]he district judge should first determine whether that indigent's position seems likely to be of substance.").

If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61−62; see also Johnston, 606 F.3d at 42 (applying the Hodge factors); Carmona, 243 F.3d at 632 ("Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute."). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Upon review of plaintiff's application and complaint, the Court finds that the appointment

7

of pro bono counsel is not warranted at this stage of the litigation. Although there may be some likelihood of merit to plaintiff's claims, the legal issues presented in this case are not particularly complex; plaintiff appears capable of preparing and presenting his case and investigating the crucial facts; and there is no special reason to appoint counsel at this time. Accordingly, plaintiff's application for the appointment of counsel is denied without prejudice to renew when this case is trial ready, if so warranted at that time. In the interim, plaintiff must either retain counsel or proceed pro se pursuant to 28 U.S.C. § 1654.

### III.   CONCLUSION

For the forgoing reasons, plaintiff's application to proceed in forma pauperis is granted. To the extent the complaint asserts claims against Kreisberg and Borofsky, those claims are sua sponte dismissed for failure to allege plausible claims for relief. Plaintiff's claims against Calamia, Maiorano, and Discala shall proceed. The Court orders the Clerk of Court to issue summonses to these defendants and to forward the summonses and copies of the complaint to the USMS for service upon these defendants. The Clerk of the Court shall also mail a copy of this Memorandum and Order to the pro se plaintiff. Plaintiff's application for the appointment of pro bono counsel is denied without prejudice and with leave to renew once this case is ready for trial, if so warranted at that time. In the interim, it is plaintiff's responsibility to retain counsel or to litigate this case pro se pursuant to 28 U.S.C. § 1654.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**                                    __/s/ JMA_____
                                                   Joan M. Azrack
Dated:  February 6, 2017                           United States District Judge
        Central Islip, New York

8